IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **BOBBY LEE HAWKS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:16CV00557 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| ) | By: James P. Jones |
| **SAMANTHA HUNT, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Bobby Lee Hawks, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail medical staff did not provide him with appropriate care. Upon review of the Complaint, I conclude that the action must be summarily dismissed.

I.

The plaintiff, Bobby Lee Hawks, is incarcerated at the New River Valley Jail facility in Dublin, Virginia. Starting in July 2016, Hawks was seen at least five times by the jail's medical staff for unspecified complaints about one of his eyes. On September 11, 2016, Hawks showed an officer that his eye was "swollen again," and the officer called the medical unit. (Compl. 2, ECF No. 1.) The officer reported that the medical unit was full, but staff had advised him to "keep

an eye on [Hawks] in case [his] eye got worse." (*Id.* 3.) Hawks complained later to another officer, who also called medical and received the same instructions. In the morning, Hawks believed that his eye had gotten worse. When he showed his condition to an officer who called the medical unit, the officer reported that the medical staff had said Hawks would be scheduled to go to medical on September 13. This appointment did not occur, however. Hawks did not go to medical or see the doctor until September 27, 2016.

Hawks filed a previous § 1983 action raising similar allegations and naming only the medical staff as a defendant. *Hawks v. New River Valley Regional Jail (Medical)*, No. 7:16CV00475 (W.D. Va. Oct. 19, 2016). I summarily dismissed the action under 28 U.S.C. § 1915A(b)(1) because the medical staff as a group cannot be sued under § 1983. In the dismissal Opinion, I noted:

> In any event, Hawks' allegations do not state any constitutional claim actionable under § 1983 against anyone. His allegations present merely his disagreement with the jail's medical staff about how time-sensitive his medical need was to have his eye examined by a physician. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)). *See also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").

*Id.,* Op. 2 n.1, ECF No. 7.

At the end of November 2016, Hawks filed this § 1983 action, raising virtually the same allegations as presented in the earlier § 1983 Complaint, but naming as defendants Samantha Hunt and Betty Akers. Hawks contends that being denied medical care for sixteen days violated his constitutional rights. Hawks' Complaint does not state what relief he seeks.

II.

Under 28 U.S.C. § 1915A(b)(1), the court is required to dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

As stated, "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle, 429 U.S. at 104). Objectively, the inmate's medical condition must be "serious" in the sense that it

"has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks and citation omitted). Subjectively, a prison official is "deliberately indifferent" if he "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this deliberate indifference standard, Hawks fails to allege facts stating any actionable Eighth Amendment claim against Hunt or Akers.

First, Hawks does not describe the condition of his eye or offer any evidence suggesting that it presented a serious medical need for treatment between September 11 and 27, 2016. By his own allegations, it is clear that he received medical care for his eye on several occasions prior to September 11, and was examined by a doctor on September 27, 2016. Nothing in the Complaint suggests that his condition required more or different treatment than he received or that the two-week break between examinations in September allowed his condition to worsen in any way.[1]

Second, Hawks does not state facts showing that Hunt or Akers knew his eye condition presented an excessive risk of serious harm requiring immediate

---

[1] An official's intentional act or omission that merely delays an inmate's access to necessary medical care may state a constitutional claim only if plaintiff shows that the defendant's conduct resulted in substantial harm to the patient. *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished).

-4-

assessment or care in September 2016. As I advised Hawks in my Opinion dismissing his prior § 1983 case, his allegations present, at most, a disagreement between Hawks and the jail's medical staff about the appropriate timing of medical examinations and treatment for his eye problems. Such disagreements are not actionable under § 1983, as they suggest nothing more than negligence.

For the stated reasons, I conclude that even after Hawks was advised in his prior § 1983 case of the deficiencies in his allegations, Hawks' Complaint in this action fails to state any § 1983 claim against the defendants he has named. Accordingly, I will summarily dismiss his Complaint with prejudice pursuant to § 1915A(b)(1).

A separate Order will be entered herewith.

DATED: December 30, 2016

/s/ James P. Jones
United States District Judge